## ADOLPH BESCHE ET AL.

### *vs.*

## FRANK BRADY.

*Trover—Conversion by Bailee—Goods Not Paid for—Instructions.*

In an action of trover, it appearing that the goods converted had been sold by defendant to plaintiff and only partially paid for, it was error to instruct the jury that if they found for plaintiff, their verdict should be for the value of the goods at the time of the conversion, with interest to date.

p. 583

In an action for the conversion of goods stored with defendant by plaintiff, it appearing from the evidence that other goods were retained by plaintiff in his possession, a prayer was erroneous which, in case of a finding for plaintiff, allowed recovery of "the value of the goods and chattels mentioned in the evidence."

p. 584

In an action of trover against the vendors of goods, to whom they were returned for storage purposes, the fact that the sale was in form to plaintiff's wife was no defense, if the defendants subsequently recognized plaintiff as the real purchaser.

p. 585

That the purchaser of goods had not fully paid the vendors therefor was no defense to an action by the former against the latter on account of the conversion of the goods, when subsequently stored with them, by reselling them to other persons, especially if the defendants accepted from the plaintiff payments on the price after such resale.

p. 585

*Decided December 2nd, 1921.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Action by Frank Brady against Adolph Besche and others, co-partners, trading as Four Besche Brothers. From a judgment for plaintiff, defendants appeal. *Reversed.*

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, and OFFUTT, JJ.

*Edwin T. Dickerson, Harry W. Nice, Lindsay C. Spencer, J. Calvin Carney* and *C. Milton Dickerson,* submitting on brief, for the appellants.

*Louis Hollander,* with whom was *Saul A. Harris* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

In September, 1919, Mrs. Frank Brady, wife of the appellee, bought from Besche Brothers, the appellants, some household furniture, under a conditional contract of purchase in writing, for prices aggregating $571.15, of which the sum of fifty dollars was paid at once and the balance was payable at the rate of six dollars bi-weekly. About a month after the purchase and delivery of the furniture, Mrs. Brady and her husband had a misunderstanding which caused their separation. In view of that occurrence, Mr. Brady, who had provided the money for the original and succeeding payments on the furniture, asked the appellants, as he testified, to store it for him until he and his wife should become re-united. According to the appellants' version the request was that the furniture be taken back as a means of terminating the contract of purchase. At all events the greater part of the furniture was removed by the appellants to their store room. Mr. Brady kept in his possession several articles, the contract prices of which totaled $72.15, and Mrs. Brady retained a lamp valued at $10.50, for which she made a separate settlement. The bi-weekly payments were continued by Mr. Brady for a period of about ten months. A reconciliation having been then effected between himself and his wife, they together went to the store of the appellants and asked that a bed-room suit included in the original purchase be returned to their possession. They were informed by the appellants that the furniture had been placed in stock when it was brought back to the store, and had afterwards been sold. An offer to substitute other furniture, and a proposed settlement on a monetary

basis, not being acceptable, Mr. Brady brought this action in trover to recover damages for the conversion of the furniture, which he claims the appellants agreed to hold in storage subject to his order. It was asserted and disputed in the testimony that the market value of the furniture had largely increased, as compared with the purchase price, when its redelivery was requested. The appeal is from a judgment, on the verdict of a jury, in the plaintiff's favor for the sum of three hundred dollars.

There is one bill of exception in the record. It relates to the rulings on the prayers. The appellants complain particularly of the granting of a prayer offered by the plaintiff which defined the measure of damages. It instructed the jury that, if they found for the plaintiff, their verdict should be "for such a sum of money as the jury may find to be the value of the goods and chattels mentioned in the evidence at the time of the conversion with interest to date." Under ordinary conditions that would be a correct statement of the measure of damages in an action of trover. *Seaboard Air Line Rwy. v. Phillips,* 108 Md. 285; *Swartz v. G. B. S. Brewing Co.,* 109 Md. 393. But the prayer disregards the important fact that the plaintiff had acquired from the defendants only a partial interest in the property alleged to have been converted. The contract of purchase, under which he appears to have acted and been treated as the real vendee, was only partly performed. A considerable amount of the purchase price was still unpaid. The conversion of the furniture by a sale to other persons could not have the effect of placing the plaintiff in the position he would occupy if he had fully paid the purchase price stipulated in the contract. In this suit against the vendors, to whom the price was to be paid, the fact that the greater portion of it was still due at the time of the alleged conversion should have been taken into consideration upon the question as to the possible extent of the plaintiff's recovery. But by the instruction before us the jury were authorized to award the plaintiff the full value of

the furniture without any deduction on account of the unpaid purchase money. The prayer was also incorrect in allowing recovery of "the value of the goods and chattels mentioned in the evidence" without reservation as to the furniture which the plaintiff retained in his possession and to which the evidence referred. There was consequently error in the granting of the prayer, and, in view of the amount of the verdict, and of the evidence as to the value of the furniture, we cannot hold that the error was not prejudicial. This was the only prayer which the plaintiff offered.

The defendants submitted seven prayers, all of which were refused. The first sought to withdraw the case from the jury. It was properly rejected as there was evidence legally sufficient to support the theory of the suit. The second and third prayers disputed the plaintiff's right to maintain the action because of the fact that the conditional sale was made to his wife. The evidence as to the recognition of the plaintiff as the real purchaser made these prayers unavailable. The fourth, fifth and seventh prayers were based on the theory that the defendants were entitled to retain the furniture, and hence are not amenable to this suit, because the purchase price had not been fully paid. These prayers ignore the testimony of the plaintiff that the furniture was delivered to the defendants upon their promise to store it for his future use. If there was a conversion in violation of such an agreement, the theory embodied in the three prayers last noted would not be effective to prevent a recovery, especially in view of the fact that the defendants continued to accept the regular bi-weekly payments from the plaintiff after the furniture received from him had been subjected to the disposition of which he complains. The sixth prayer defines the measure of damages consistently with the views we have stated, and we think it might properly have been granted.

*Judgment reversed, with costs, and new trial awarded.*